# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**AMANDA G. BERNARD,**

                                      **Plaintiff,**

-vs-                                                    Case No.  **6:10-cv-515-Orl-28GJK**

**GLOBE WIRELESS, LLC,**

                                      **Defendant.**

_____

## REPORT AND RECOMMENDATION

## TO THE UNITED STATES DISTRICT COURT

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT (Doc. No. 20)** |
| **FILED:** | **November 22, 2010** |
| _____ | |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. | |

Plaintiff and Defendant jointly move (the "Motion") the Court to approve their settlement

agreement (the "Agreement") pursuant to the Fair Labor Standards Act ("FLSA") and to dismiss

the case with prejudice.  Doc. No. 20.[1]

---

[1] The parties have a second settlement agreement that resolves Plaintiff's remaining claim of discrimination, unasserted Family Medical Leave Act ("FLMA") claims and any remaining claims Plaintiff may have against the Defendant. Doc. No. 20 at 2.  Court approval is unnecessary with respect to the second settlement agreement so long as its terms do not serve to contaminate the Agreement as to the FLSA claim. *See Coleman v. The Golf Channel, Inc.*, No. 6:09-cv-1254-Orl-DAB.

Pursuant to *Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982) judicial review and approval of this settlement is necessary to give it final and binding effect.  As the Eleventh Circuit held in *Lynn*:

> [t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees.  First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. . . .  The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations.  When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id*. at 1352-53.  Before approving an FLSA settlement, the court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute."  *Id*. at 1354-55.  If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation."  *Id* at 1354.

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

> (1) the existence of collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of plaintiff's success on the merits;
> (5) the range of possible recovery; and
> (6) the opinions of counsel.

*See Leverso v. South Trust Bank of Ala. Nat. Assoc.*, 18 F. 3d 1527, 1531 n. 6 (11th Cir. 1994);

*Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-1592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-

3, (M.D. Fla. January 8, 2007).  The Court should be mindful of the strong presumption in favor

of finding a settlement fair.  *Cotton v. Hinton*, 559 F. 2d 1326, 1331 (5th Cir. 1977).[2]

In FLSA cases, the Eleventh Circuit has questioned the validity of contingency fee

agreements.  *Silva v. Miller*, 307 Fed.Appx. 349, 351 (11th Cir. 2009) (citing *Skidmore v. John J.*

*Casale, Inc.*, 160 F.2d 527, 531 (2d Cir. 1947) ("We have considerable doubt as to the validity of

the contingent fee agreement; for it may well be that Congress intended that an employee's

recovery should be net. . . .")).[3]  In *Silva*, 307 Fed.Appx. at 351-52, the Eleventh Circuit held:

> That Silva and Zidell entered into a contingency contract to
> establish Zidell's compensation if Silva prevailed on the FLSA
> claim is of little moment in the context of FLSA. FLSA requires
> judicial review of the reasonableness of counsel's legal fees to
> assure both that counsel is compensated adequately and that no
> conflict of interest taints the amount the wronged employee
> recovers under a settlement agreement. FLSA provides for
> reasonable attorney's fees; the parties cannot contract in derogation
> of FLSA's provisions. *See Lynn's Food*, 679 F.2d at 1352 ("FLSA
> rights cannot be abridged by contract or otherwise waived.")
> (quotation and citation omitted). To turn a blind eye to an agreed
> upon contingency fee in an amount greater than the amount
> determined to be reasonable after judicial scrutiny runs counter to
> FLSA's provisions for compensating the wronged employee. *See*
> *United Slate, Tile & Composition Roofers v. G & M Roofing &*
> *Sheet Metal Co.*, 732 F.2d 495, 504 (6th Cir.1984) ("the
> determination of a reasonable fee is to be conducted by the district
> court regardless of any contract between plaintiff and plaintiff's
> counsel"); *see also Zegers v. Countrywide Mortg. Ventures, LLC*,
> 569 F.Supp.2d 1259 (M.D.Fla.2008).

*Id*.  In order for the Court to determine whether the proposed settlement is reasonable, counsel

for the claimant(s) must first disclose the extent to which the FLSA claim has or will be

compromised by the deduction of attorneys' fees, costs or expenses pursuant to a contract

---

[2] *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (all decisions from the Fifth Circuit prior to October 1, 1981 are binding on the Eleventh Circuit).
[3] Unpublished decisions of the Eleventh Circuit are not binding, but are persuasive authority.

between the plaintiff and his or her counsel, or otherwise. *Id.* When a plaintiff receives less than a full recovery, any payment (whether or not agreed to by a defendant) above a reasonable fee improperly detracts from the plaintiff's recovery.[4] Thus, a potential conflict can arise between counsel and their client regarding how much of the plaintiff's total recovery should be allocated to attorneys' fees and costs.[5] It is the Court's responsibility to ensure that any such allocation is reasonable. *See Silva*, 307 Fed.Appx. at 351-52. In doing so, the Court uses the lodestar method for guidance. *See Comstock v. Florida Metal Recycling, LLC*, Case No. 08-81190-CIV, 2009 WL 1586604 at *2 (S.D. Fla. June 5, 2009). As the Court interprets the *Lynn's Foods* and *Silva* cases, where there is a compromise of the amount due to the plaintiff, the Court should decide the reasonableness of the attorneys' fees provision under the parties' settlement agreement using the lodestar method as a guide. In such a case, any compensation for attorneys' fees beyond that justified by the lodestar method are unreasonable unless exceptional circumstances would justify such an award.

This case involved disputed issues of FLSA coverage, which constitutes a bona fide dispute. *See* Doc. Nos. 1, 8, 13. The parties were represented by independent counsel who are obligated to vigorously represent their clients. *Id*. In her Answers to Court Interrogatories, Plaintiff estimated that she was owed $30,287.50 in unpaid overtime wages from March 2009 through March 2010. Doc. No. 13 at 4. Plaintiff estimated a similar amount was due for March 2008 through March 2009. *Id.* The parties agreed to settle Plaintiff's claim in exchange for a release of all claims for a total sum of $10,000.00, representing $3,000.00 payable to Plaintiff for

---

[4] From a purely economic standpoint, a defendant is largely indifferent as to how its settlement proceeds are divided as between a plaintiff and his/her counsel. Where a plaintiff is receiving less than full compensation, payment of fees necessarily reduces the plaintiff's potential recovery.

[5] This potential conflict is exacerbated in cases where the defendant makes a lump sum offer which is less than full compensation, because any allocation between fees and the client's recovery could become somewhat arbitrary.

her unpaid overtime claim; $3,000.00 payable to Plaintiff for her liquidated damages claim, and $4,000.00 payable to Plaintiff's counsel for attorneys' fees and costs.  Doc. No. 20 at 2.  The Plaintiff agreed to compromise her claim based upon the uncertainty of the success of her FLSA claim.  Doc. No. 20 at 2.[6]  In light of the foregoing, it is recommended that the Court find the proposed compromise of Plaintiff's claim is fair and reasonable.

Plaintiff's counsel, Daniel A. Perez, Esq., filed a detailed time sheet showing the total amount of time spent on the case and the individual who performed each task.  That information is summarized below:

| Attorney / Paralegal | Hours Expended | Hourly Rate | Fees |
|---|---|---|---|
| Daniel A. Perez, Esq. | 24.0 | $275.00 | $ 6,600.00 |
| Mary Jane Murphy, paralegal | 2.6 | $120.00 | $    312.00 |
| **TOTAL** | | | **$ 6,912.00** |

Doc. No. 20-2.[7] After reviewing the time sheet, the undersigned recommends that the amount of time expended on the case was reasonable.

Plaintiff failed to provide the Court with any support for the hourly rates requested.  The Agreement provides for discounted fees totaling $4,000.00.  In order to establish an effective hourly rate, the Court determined that under the Agreement attorney Perez and his paralegal are realizing approximately 58% of the actual fees generated at the rates quoted above.[8]  Thus, the effective hourly rate for Mr. Perez under the Agreement is $159.50 per hour.[9]  In his affidavit, Mr. Perez states that he has practiced exclusively in labor and employment law since 2000, with

---

[6] Plaintiff noted the following disputed issues: 1) whether Plaintiff was exempt under the FLSA; 2) the number of overtime hours Plaintiff worked; 3) whether Plaintiff should be compensated at a time and a half rate or a half-time rate for all overtime worked due to her fixed salary; and 4) whether the statute of limitations should be two years for non-willful violations or three years for willful violations of the FLSA. Doc. No. 20 at 5.

[7] Plaintiff's counsel excluded time spent on Plaintiff's sexual harassment, retaliation and FMLA claims. Doc. No. 20-2 at 2.

[8] $4,000.00 / $6,912.00 = .578 (58%).

[9] 58% of $275.00 = $159.50

particular experience in wage and hour law. Doc. No. 20-2.  Based on Mr. Perez's experience and the approved hourly rates of attorneys having similar experience to Mr. Perez, it is recommended that the Court find Mr. Perez's effective hourly rate to be reasonable.  The effective hourly rate for his paralegal, Ms. Murphy, is $69.60.[10] It is recommended that the Court find Ms. Murphy's effective hourly to be reasonable.  *See, e.g., Mavis Coes v. World Wide Revival, Inc., et al.*, Case No. 6:05-cv-563-Orl-DAB (M.D. Fla. Nov. 7, 2007).  Furthermore, Plaintiff's counsel is not seeking reimbursement for the costs incurred in the case in the amount of $514.61.  *See* Doc. No. 20 at 2, 7-8; Doc. No. 20-2.  Accordingly, the undersigned recommends that the Court find the attorneys' fees requested are reasonable.

In conclusion, the undersigned recommends that the Court find the proposed Agreement in exchange for Plaintiff's release of all claims and dismissal of the action with prejudice to be fair and reasonable. Accordingly, it is **RECOMMENDED** that:

1. The Motion (Doc. No. 20) be **GRANTED** only to the extent that the Court finds the parties' settlement is fair and reasonable; and

2. The case be dismissed with prejudice and direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.  **If the parties have no objection to this report and recommendation, they may promptly file a joint notice of no objection.**

---

[10] 58% of $120.00 = $69.60.

6

Recommended in Orlando, Florida on January 27, 2011.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record